**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PITTSBURGH LOGISTICS SYSTEMS, INC., on its own behalf and as assignee and subrogee of Specialty Rolled Metals, Inc., | CIVIL DIVISION<br><br>CASE NO.: |
| Plaintiff, | |
| vs. | |
| NEEL TRUCKING LLC, | |
| Defendant. | |

**COMPLAINT**

PITTSBURGH LOGISTICS SYSTEMS, INC., d/b/a PLS Logistics Services, (hereinafter "PLS"), by and through undersigned counsel, hereby submits its Complaint against NEEL TRUCKING LLC, ("Neel Trucking") to recover damages under 49 U.S.C. § 14706, breach of contract, and general theories of negligence.

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over PLS's Carmack Amendment claims, pursuant to 28 U.S.C. §§ 1331 and 1337 because PLS's claims raise a federal question under 49 U.S.C. § 14706 ("Carmack") and the amount in controversy is more than $10,000.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over PLS's state law claims because those claims arise out of the same incident or transaction as those generating the Carmack claims.

3. Pursuant to 28 U.S.C. § 1391(b) venue is appropriate as a substantial part of the events giving rise to the claim occurred in the Western District of Pennsylvania; defendant entered into a contract with PLS in Butler County, Pennsylvania.

## PARTIES

4. PLS is a Pennsylvania corporation with its principal place of business in Cranberry Township, Butler County, Pennsylvania.

5. PLS is a property broker licensed by United States Department of Transportation, Federal Motor Carrier Safety Administration ("FMCSA") to arrange for the transportation of freight by for-hire carriers in interstate or foreign commerce.

6. Defendant Neel Trucking is a limited liability company formed under the laws of the state of Indiana, with its principal place of business in Munster, Indiana.

## FACTS COMMON TO ALL COUNTS

7. Upon information and belief, Neel Trucking operates routes as an interstate motor carrier within the United States Judicial District for the Western District of Pennsylvania.

8. Neel Trucking is a for-hire motor carrier of property operating in interstate commerce subject to the jurisdiction of and operating pursuant to a registration issued by the FMCSA in Docket No. MC-899392.

9. At all times relevant hereto, Neel Trucking was the receiving carrier as that term is used in 49 U.S.C. § 14706.

10. PLS is a provider of third-party logistics services to customers in a wide array of industries. Among other services, PLS coordinates the transportation of freight between its customers and independent motor carriers to obtain efficiencies and cost-savings for its customers.

11. On or about February 19, 2019, PLS, in its capacity as a broker, on behalf of its customer Specialty Rolled Metals, Inc. (hereinafter "Specialty"), tendered a shipment of freight (metal products) for transportation in interstate commerce from Carol Stream, Illinois, to Lawrenceville, Georgia ("Load #829"), which Neel Trucking accepted and agreed to transport.

12. At the time that Load #829 was tendered for transportation and received by Neel Trucking, it was in good order and condition.

13. Neel Trucking acknowledged receipt of Load #829 in good order and condition at the time it received the shipment and so noted on the bill of lading it issued therefor.

14. Load #829 required Neel Trucking to tarp the cargo and take all measures necessary to prevent contact with water.

15. Neel Trucking failed to prevent Load #829 contact with water and the elements, and thus damaged Load #829.

16. Upon arrival at the receiver's dock and in the ordinary course of business, the receiver inspected the cargo and noted on the Bill of Lading "wet, damaged, Freight Claim" and "wet cornerboards, plastic covering blown open from both sides, cardboard torn from excessive moisture, brittle cardboard from moisture, side of metal wet to touch."

17. Neel Trucking's failure to properly protect the cargo resulted in a loss of Load #829.

18. The claim value of Load #829 is $41,527.30, plus $2,900.00 for freight charges.

19. The scrapped materials of Load #829 were sold for salvage at $14,376.96.

20. On August 2, 2019, PLS paid Specialty $30,050.34 and is now subrogated to all of Specialty's claims against Neel Trucking.

21. For the purposes of this claim under the Carmack Amendment, PLS stands in the shoes of Specialty, the owner of Load #829.

22. Specialty irrevocably assigned all of the rights, title and interest to Load #829 to PLS.

23. PLS has made frequent and repeated demands upon Defendants to pay PLS for its loss on account of the damage to Load #463; defendant has failed and refused to pay.

## COUNT I – CARMACK
### PLS as Assignee and Subrogee of Specialty v. Neel Trucking

24. Pursuant to 49 U.S.C. § 14706, Neel Trucking is liable to PLS as Assignee and Subrogee of Specialty for its full actual loss on account of the loss of/damage to the subject Load and associated costs, which is $30,050.34.

WHEREFORE, Plaintiff, Pittsburgh Logistics Systems, Inc., prays for a judgment in its favor and against Defendant Neel Trucking LLC, in the amount of $30,050.34 plus interest, costs and attorney's fees pursuant to 49 U.S.C. § 14706.

## COUNT II – BREACH OF CONTRACT
### PLS v. Neel Trucking

25. PLS repeats and realleges the allegations of paragraphs 1 - 24 of this Complaint as if fully set forth herein.

26. Neel Trucking's conduct with respect to its handling of the shipment constituted a breach of the terms and conditions of the Terms of Use between PLS and Neel Trucking entered into upon Neel Trucking's acceptance of the contract to carry the cargo.

27. Under the Terms of Use / Agreement, Neel Trucking agreed to:

> defend, indemnify, and hold harmless [PLS] from and against any loss, liability, damages, claims, fines costs or expenses, including reasonable attorney's fees, arising from or relating to CARRIER'S operations for shipments … i. all losses, damages, expenses (including reasonable attorneys' fees and costs), actions and claims for … damage to property arising out of or in connection with the loading, handling, transportation, unloading or delivery of any shipment pursuant to these terms . . . .

Terms of Use, Paragraph 17.

28. Pursuant to the Agreement, PLS is entitled to recover all of its damages as set forth herein above, as well as its attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff, Pittsburgh Logistics Systems, Inc., prays for a judgment in its

favor and against Defendant Neel Trucking LLC, in the amount of $30,050.34, plus interest, costs and attorney's fees.

## COUNT III – NEGLIGENCE
### PLS v. Neel Trucking

29.     PLS repeats and realleges the allegations of paragraphs 1 - 28 of this Complaint as if fully set forth herein.

30.     Knowing that the cargo would be damaged if it came into contact with moisture or water, a reasonable motor carrier would have ensured that their trailer and all related equipment was in good order and condition to transport the cargo.

31.     Neel Trucking had a duty to keep the cargo dry and to take reasonable measures to assure that the cargo would not come into contact with moisture.

32.     Neel Trucking breached its duty to keep the cargo dry.

33.     Neel Trucking's breach of its duty resulted in damages to PLS in the amount of $30,050.34.

WHEREFORE, Plaintiff, Pittsburgh Logistics Systems, Inc., prays for a judgment in its favor and against Defendant Neel Trucking LLC, in the amount of $30,050.34, plus interest, costs and attorney's fees.

Respectfully submitted,

Dated: January 7th, 2020

/s/ Christopher S. Manzi_____
Nicholas T. Moraites, PA327079
*nmoraites@plslogistics.com*
Christopher S. Manzi, PA319316
*cmanzi@plslogistics.com*
PITTSBURGH LOGISTICS SYSTEMS, INC.
3120 Unionville Road, Bldg.110, Ste. 100
Cranberry Township, PA 16066
Telephone: 724-814-5027/8632
Fax: 724-814-5200

*Counsel for Plaintiff*

5